IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| FLEXSTEEL INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04 CV 1031 EJM |
| | ) | |
| v. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| INTER-PACIFIC GROUP LTD., INC., and | ) | |
| THE DRISCOLL COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW Plaintiff, **FLEXSTEEL INDUSTRIES, INC.** (hereafter "FLEXSTEEL") by and through its attorneys, O'Connor & Thomas, P.C., and for its causes of action against Defendants, INTER-PACIFIC GROUP LTD., INC. (hereafter "IPG"), and THE DRISCOLL COMPANY (hereafter "TDC"), states:

**PARTIES**

1. FLEXSTEEL is a Minnesota corporation having its principal place of business located at 3400 Jackson Street, Dubuque, Iowa.

2. IPG is a Chinese corporation having its principal place of business located at Room 304, Tian Jing No. 6 Bldg., You Yi Ju, Zhong Xin (CITIC) Dong Tai Garden, Si Huan Road, Fu-Chang, Dongguan, Guangdong, China, P.R.C. and offices located in the United States at 2317 Highway 270 East, Mount Ida, Arkansas 71957.

4. TDC is a North Carolina corporation having its principal place of business located at 724 Mitch Drive, Winston Salem, North Carolina 27104.

**JURISDICTION**

5. The court has original jurisdiction over this matter based upon the diversity of the parties pursuant to 28 U.S.C. § 1332.

6. FLEXSTEEL is a citizen of the state of Iowa pursuant to 28 U.S.C. § 1332, and Defendants are not citizens of the state of Iowa or the state of Minnesota.

7. IPG is a citizen of China, P.R.C., a foreign state pursuant to 28 U.S.C. § 1332 (a)(2).

8. TDC is a citizen of North Carolina, a different state pursuant to 28 U.S.C. § 1332 (a)(1).

9. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

**COMMON ALLEGATIONS**

10. FLEXSTEEL is in the business of manufacturing and distributing for retail sale a variety of furniture for residential and commercial uses.

11. Among other product lines, FLEXSTEEL owns and produces furniture under a licensing agreement with Christopher Lowell called the "Christopher Lowell Home Collection" (hereafter referred to as "Home Collection").

12. CHIA XIN is in the business of manufacturing and distributing furniture to other furniture manufacturers and retailers located in including, but not limited to, the United States.

13. TDC and IPG are both in the furniture business, domestically and abroad, engaged in the sale of furniture and perform services including, but not limited to, purchase and order procurement, order execution, quality assurance and control, and product inspection.

14. As part of its Home Collection, FLEXSTEEL developed a case goods product line consisting of five groups with thirty-three (33) different SKU's, hereafter referred to as "case goods line."

15. FLEXSTEEL entered into an agreement with TDC and IPG for the purchase, placement and outsourcing of the Home Collection case goods line.

16. The case goods line was ultimately placed by TDC and IPG with CHIA XIN which at that time entered into an agreement to manufacture the case goods line intended for formal introduction, distribution and retail sales of same in the United States.

17. In April of 2002, the parties' formally launched the case goods line in the United States with samples manufactured by CHIA XIN, and CHIA XIN began actual production in the second half of 2002.

18. TDC and IPG agreed to place, execute and supervise FLEXSTEEL's Home Collection case goods line orders at CHIA XIN, including, but not limited to, performing quality control and assurance of the product manufactured at CHIA XIN.

19. In or about November of 2002, CHIA XIN indicated that it would no longer manufacture the Home Collection case goods line but that it would fulfill FLEXSTEEL's existing orders and assist in the transition of production of the case goods line to a new production facility.

20. In November and December of 2002, TDC and IPG became aware of several issues relating to the production quality and material selection for the Home Collection case goods line at the CHIA XIN facility.

21. Despite actual knowledge of the numerous defects, including poor material selection, lack of workmanship and sub-standard quality, TDC and IPG permitted the continued

manufacture and shipment of the defective product line to FLEXSTEEL for retail distribution in the United States.

22. In addition to defects identified at the factory, several additional complaints arose in January and February 2003 when the case goods line was delivered to FLEXSTEEL's retail chain of distribution including, but not limited to, splitting, cracking, open joints, poor sanding/finishing, inferior wood/veneer selection and other damage sustained prior to the shipment of the product to FLEXSTEEL.

23. As a result of the defects, the case goods line manufactured by CHIA XIN and tendered by Defendants was rendered unuseable, unsaleable, unsalvageable and otherwise unfit for retail sale.

24. Defendants were given timely and reasonable oral and written notice of the defective and nonconforming case goods line and FLEXSTEEL's rejection of same.

25. At all times material hereto, FLEXSTEEL complied with all of its contractual duties and obligations including, but not limited to, making payment in full for the defective products and services rendered by Defendants.

26. As a result of the defects, the lack of adequate supervision, inspection and quality control of TDC and IPG, FLEXSTEEL sustained significant damages including, but not limited to, actual, compensatory, difference in value of the defective case goods line and the value the case goods line would have had if they had conformed to the contract at the time and place of delivery, incidental, consequential, lost profits, loss of good will and reputation, among other damages.

## COUNT I - BREACH OF CONTRACT VS. TDC AND IPG

27. Paragraphs 1 through 26 of the Complaint are hereby realleged and restated by this reference as if set forth fully herein.

28. FLEXSTEEL and Defendants entered into an agreement for the production, inspection and sale of a case goods line of the first quality for the express purpose of marketing and selling the case goods line as part of the Home Collection at various retail outlets throughout the United States.

29. As part of the parties' contract, TDC and IPG agreed to provide services in connection with the Home Collection case goods line to including, but not limited to, the placement and supervision of the Home Collection table line at CHIA XIN.

30. Both TDC and IPG agreed to, among other things, place production orders, supervise production, perform quality control and assurance, inspect the product manufactured by CHIA XIN and communicate the production status of FLEXSTEEL's orders.

31. Both TDC and IPG breached their agreement with FLEXSTEEL by failing to adequately perform their duties in connection with the CHIA XIN production including, but not limited to, failing to perform adequate quality control and assurance, failing to reject defective materials and/or workmanship at CHIA XIN, failing to adequately inspect the products, failing to timely and accurately communicate the true nature and extent of the manufacturing defects at CHIA XIN and otherwise failing to assure first quality product before the products were shipped by CHIA XIN.

32. The case goods line delivered to FLEXSTEEL by TDC and IPG did not conform to the product or quality promised and contained numerous defects including, but not limited to, splitting, cracking, open joints, poor sanding/finishing, inferior wood/veneer selection and other damages incurred prior to the shipment of the products to FLEXSTEEL.

33. The defects rendered the Home Collection case goods line non-merchantable, unuseable, unsaleable and unfit for retail sale.

34. As a proximate cause of Defendants' breach of contract, FLEXSTEEL has sustained damages, including, but not limited to, actual, compensatory, difference in value of the case goods line as defectively manufactured and the value the table line would have had if they had conformed to the contract at the time and place of delivery, incidental, consequential, lost profits, loss of good will and reputation, among other damages.

## COUNT II – BREACH OF WARRANTIES
## (EXPRESS AND IMPLIED) VS. TDC AND IPG

35. Paragraphs 1 through 34 of the Complaint are hereby realleged and restated by this reference as if set forth fully herein.

36. Defendants created an express warranty by affirmation, promise, description and/or sample that the case goods line to be sold to FLEXSTEEL would be of first quality and fit for retail sale as part of the Home Collection.

37. Defendants created an implied warranty that the case goods line to be sold to FLEXSTEEL would be merchantable, fit for the particular purpose of retail sale in connection with the Home Collection and that Defendants would deal in good faith and fair dealing with FLEXSTEEL.

38. FLEXSTEEL relied upon the express and implied warranties of Defendants and was induced by such warranties to its detriment to place significant orders with Defendants.

39. Defendants breached the foregoing warranties, express and implied, by selling defective products to FLEXSTEEL.

40. As a proximate cause of Defendants' breach of warranties, FLEXSTEEL has sustained damages, including, but not limited to, actual, compensatory, difference in value of the defective case goods line and the value the case goods line would have had if they had conformed to the contract at the time and place of delivery, incidental, consequential, lost profits, loss of good will and reputation, among other damages.

## COUNT III – NEGLIGENCE VS TDC AND IPG

41. Paragraphs 1 through 40 of the Complaint are hereby realleged and restated by this reference as if set forth fully herein.

42. IPG and TDC owed FLEXSTEEL a duty of care to ensure that CHIA XIN's manufacture of the Home Collection case goods line was performed in a workmanlike manner and of first quality which duty subsumes, but is not limited to, the duty to supervise, inspect, perform quality control and assurance, communicate problems and otherwise ensure that the case goods line was defect free and fit for re-sale in the United States, all in a reasonable manner.

43. Both IPG and TDC negligently breached their duty of care to FLEXSTEEL in one or more of the following particulars:

    a. In failing to perform reasonable and adequate quality control and assurance;

    b. In failing to reasonably reject defective materials and/or workmanship at CHIA XIN;

    c. In failing to reasonably and adequately inspect the products at CHIA XIN;

    d. In failing to reasonably, timely and accurately communicate the true nature and extent of the manufacturing defects at CHIA XIN to FLEXSTEEL;

Page 7 of 11

Case 2:04-cv-01031-EJM   Document 2   Filed 08/02/04   Page 7 of 11

e. In negligently misrepresenting CHIA XIN's manufacturing defects to FLEXSTEEL under circumstances where IPG and TDC had a financial interest in supplying information to FLEXSTEEL and where FLEXSTEEL justifiably relied on the information provided by IPG and TDC;

e. In otherwise failing to assure first quality product before the products were shipped by CHIA XIN; and

f. In committing other acts and omissions as may be determined in discovery.

44. The negligence of IPG and TDC was a proximate cause of damages to FLEXSTEEL.

45. As a proximate cause of IPG and TDC's negligence, FLEXSTEEL sustained significant damages.

**COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACTS AND PROSPECTIVE BUSINESS ADVANTAGE VS TDC AND IPG**

46. Paragraphs 1 through 45 of the Complaint are hereby realleged and restated by this reference as if set forth fully herein.

47. In connection with CHIA XIN's manufacture of the Home Collection case goods line, FLEXSTEEL had contracted and made prospective arrangements to sell the case goods line in the United States at various retail outlets.

48. All Defendants knew of FLEXSTEEL's contractual and prospective arrangements to re-sell the Home Collection case goods line in the United States.

49. As a result of the negligent, reckless, intentional and wrongful acts and omissions of Defendants, Defendants interfered with FLEXSTEEL's existing contractual relationships and

prospective business advantages that it had hoped to gain and that the parties expressly contemplated in connection with the re-sale of the Home Collection product line by FLEXSTEEL in the United States.

50. Defendants' interference includes, but is not limited to, intentionally using sub-standard materials and production techniques, supervision and inspection required for the product contracted.

51. Moreover, IPG and TDC intentionally and wrongfully misled FLEXSTEEL regarding the extent and magnitude of the manufacturing defects at CHIA XIN.

52. As a proximate cause of Defendants' tortious interference, FLEXSTEEL sustained significant damages.

53. Defendants' conduct in manufacturing and providing FLEXSTEEL with an unusable and unsaleable case goods line was willful, wanton and in reckless disregard of FLEXSTEEL's rights as to subject Defendants to punitive damages.

**COUNT V– UNJUST ENRICHMENT VS TDC AND IPG**

54. Paragraphs 1 through 53 of the Complaint are hereby realleged and restated by this reference as if set forth fully herein.

55. Defendants were enriched by the receipt of FLEXSTEEL's payment for the products and services provided by Defendants in connection with the Home Collection case goods line.

56. Because of the defective, unusable and unsaleable table line, the Defendant's enrichment was at the sole expense of FLEXSTEEL.

57. Under the circumstances set forth in this Complaint, it would be extremely unjust to allow the Defendant to retain the benefit of FLEXSTEEL's payments.

58. FLEXSTEEL is entitled to restitution from all Defendants to prevent Defendants' unjust enrichment.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff FLEXSTEEL respectfully requests this court enter judgment on its behalf and against Defendants for the following relief:

1. For actual and compensatory damages;

2. For contractual expectancy damages, including the loss of the benefit of the bargain;

3. For incidental and consequential damages, including, but not limited to, lost revenues and profits, increased expenses, loss of good will and reputation;

4. For restitution damages;

5. For punitive damages;

6. For such other and further relief, legal or equitable, as the court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

FLEXSTEEL INDUSTRIES, INC., Plaintiff,


By: /s/ Davin C. Curtiss
    Davin C. Curtiss    000014786
    Mailing Address:
    O'CONNOR & THOMAS, P.C.
    P.O. Box 599
    Dubuque, IA 52004-0599

    Physical Address:

    O'CONNOR & THOMAS, P.C.
    Dubuque Building
    700 Locust Street, Suite 200
    Dubuque, IA 52001-6874
    Phone (563) 557-8400
    Fax (563) 556-1867

    E-Mail: dcurtiss@octhomaslaw.com

    Attorneys for Plaintiff